clusion is supported by *Merrihew v. Chicago City Ry. Co.*, 92 Ill. App. 346; *Thomas v. Star & C. Milling Co.*, 104 Ill. App. 110; *Staunton Coal Co. v. Fischer*, 119 Ill. App. 284; and *Harkin v. Ferro Concrete Const. Co.*, 185 Ill. App. 239.

The judgment should have been that defendants go hence without day, or that plaintiff take nothing by his suit, or both. Instead, the judgment was a dismissal of the suit, which does not bar another action. Defendants were entitled to a judgment in bar, but have not assigned cross errors. The judgment dismissing the suit is a final judgment and we therefore let it stand. The judgment awarded execution against the administrator. This was error. A supplemental record, filed here, shows that this error has since been corrected in the court below. The judgment is therefore affirmed.

*Affirmed.*

---

**The People of the State of Illinois, Defendant in Error, v. Otto Wallin, Plaintiff in Error.**

**Gen. No. 6,332.    (Not to be reported in full.)**

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed February 10, 1917.

## Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Otto Wallin, defendant, charging him with a violation of the Anti-Saloon Act. From a judgment of conviction on fifteen counts and fines

aggregating $1,150 and sentence to imprisonment for thirty days, defendant brings error.

P. L. JORGENSON, for plaintiff in error.

RALPH J. DADY and E. M. RUNYARD, for defendant in error; W. F. WEISS, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 147*—*when evidence is insufficient to prove drinking of malt liquor in saloon.* In a prosecution for violation of the Anti-Saloon Act, evidence *held* insufficient to show beyond a reasonable doubt that "buck," an alleged malt liquor, was drunk by certain persons in defendant's saloon.

2. CRIMINAL LAW, § 594*—*when judgment of conviction on all counts of information should be affirmed or reversed as to all.* A judgment of conviction on all counts of an information must be affirmed or reversed as to all and cannot be affirmed as to part and reversed as to part.

3. INTOXICATING LIQUORS, § 128*—*when judgment of conviction on all counts of information cannot be sustained.* A judgment of conviction on all counts of an information under the Anti-Saloon Act cannot be sustained by testimony as to sales down to the time of trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.